Matter of Nguyen (2024 NY Slip Op 04228)

Matter of Nguyen

2024 NY Slip Op 04228

Decided on August 15, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 15, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Ellen Gesmer
Justice Presiding
Saliann Scarpulla Manuel Mendez Martin Shulman John R. Higgitt
Justices.

Motion No. 2024-02730 Case No. 2023-03106 

[*1] In the Matter of Jack H.C. Nguyen (Admitted as Jack Huu-Chinh Nguyen), A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jack H.C. Nguyen (OCA Atty. Reg. No. 4136297), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jack H.C. Nguyen, was admitted, as Jack Huu-Chinh Nguyen, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 10, 2003.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Megan Zavieh, Esq., for respondent.

PER CURIAM 

Respondent Jack H.C. Nguyen was admitted to the practice of law in the State of New York by the First Judicial Department on April 10, 2003, under the name Jack Huu-Chinh Nguyen. Respondent maintains a registered address in California. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On December 6, 2022, respondent pleaded guilty in the United States District Court for the Central District of California Western Division to one count of conspiracy to launder monetary instruments in violation of 18 USC § 1956(h), a felony. Respondent's conviction stemmed from his conspiring with others in early 2013 to create a foundation to launder and conceal proceeds from the sale of illegal narcotics and illegal weapons. On April 24, 2023, respondent was sentenced to incarceration for one year and one day, followed by two years of supervised release, and fined $50,000.
By order entered September 21, 2023, this Court deemed respondent's conviction a "serious crime" under Judiciary Law § 90(4)(d); immediately suspended him from the practice of law under Judiciary Law § 90(4)(f); and under Judiciary Law § 90(4)(g), appointed a referee to conduct a sanctions hearing and issue a report and recommendation as to the final discipline to be imposed (see Matter of Nguyen, 220 AD3d 70 [1st Dept 2023]).
Now, by undated motion, respondent seeks an order, pursuant to 22 NYCRR 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. He submits an affirmation in support of his motion, dated May 30, 2024, acknowledging that he is the subject of a "serious crime" proceeding before this Court and based thereon wishes to resign from the practice of law in the State of New York. The Attorney Grievance Committee does not oppose.
Respondent attests that he has also been admitted to practice in California, but he was summarily disbarred in that state on or about January 5, 2024 based on his conviction. He attests that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences. Respondent also attests that this proceeding does not include allegations that he willfully misappropriated or misapplied money or property in the practice of law and that there [*2]are no victims to whom restitution is due.
Respondent acknowledges and agrees that, pending an order accepting his resignation, he will not represent new clients, accept retainers for future legal services, or partake in any transactional activity in any fiduciary account other than for the payment of funds held in those accounts for clients who are entitled to receive them. Respondent understands that, in the event the Court accepts his resignation, the order resulting from his application and the records and documents filed in relation to the aforementioned charge shall be deemed public records pursuant to Judiciary Law § 90(10).
As respondent's affidavit conforms with 22 NYCRR 1240.10, there is no need for the previously ordered sanction hearing to proceed.
Accordingly, respondent's resignation should be granted, and his name be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 30, 2024.
All concur.
Wherefore, it is Ordered that the application of respondent, Jack H.C. Nguyen, admitted as Jack Huu-Chinh Nguyen, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 30, 2024, and
It is further Ordered that pursuant to Judiciary Law § 90, effective immediately, respondent Jack H.C. Nguyen, admitted as Jack Huu-Chinh Nguyen, is: (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding himself out in any way as an attorney and counselor-at-law; (2) forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; and (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent Jack H.C. Nguyen, admitted as Jack Huu-Chinh Nguyen, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Jack H.C. Nguyen, admitted as Jack Huu-Chinh Nguyen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: August 15, 2024